# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 20-177V
## UNPUBLISHED

DUSTIN GIBSON,

       Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

       Respondent.

Chief Special Master Corcoran

Filed: April 9, 2021

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Guillain-
Barre Syndrome (GBS)

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

  On February 20, 2020, Dustin Gibson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre (GBS) resulting from the adverse effects of the influenza (flu) vaccination he received on October 4, 2018. Petition at 1. Petitioner further alleges that he received the vaccination in the United States, his GBS and sequelae lasted more than six months, and that neither Petitioner nor any other party has ever filed any action, or received any compensation in the form of an award or settlement for Petitioner's vaccine-related injury . Petition at 1, 4. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On August 20, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On April 8, 2021, Respondent filed a proffer on award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioner should be awarded $137,143.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $137,143.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

| | ) | |
|---|---|---|
| DUSTIN GIBSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-177 (ECF) |
| v. | ) | Chief Special Master Corcoran |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 20, 2020, Dustin Gibson ("petitioner") filed a petition for compensation

under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2018)

(the "Vaccine Act"). Petitioner alleged that he suffered from Guillain-Barré Syndrome resulting

from an influenza vaccination. ECF No. 1 (Petition) at 1.

On August 20, 2020, respondent filed a report conceding that compensation under the

Vaccine Act is appropriate in this case. ECF No. 16.

On August 20, 2020, the Chief Special Master issued a Ruling on Entitlement, finding

that petitioner is entitled to compensation. ECF No. 17. On the same date, the Chief Special

Master issued a Damages Order. ECF No. 18.

## I.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

$137,143.00. The award is comprised of the following: $137,143.00 for pain and suffering.

This amount represents all elements of compensation to which petitioner would be entitled under

42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$137,143.00**, in the form of a check payable to petitioner. Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ Naseem Kourosh
NASEEM KOUROSH
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 598-0899
E-mail: Naseem.Kourosh@usdoj.gov

DATED: April 8, 2021